**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Armando Puentes-Melendez,

Defendant.

No. CR-24-00681-002-TUC-SHR (LCK)

**ORDER**

Pending before the Court is Defendant Armando Puentes-Melendez's pro se Motion for Sentence Reduction, Modification, or Adjustment. (Doc. 147.) Defendant seeks a reduction under Amendment 821 of the United States Sentencing Guidelines (USSG), invokes Amendment 831 of the USSG, and requests application of certain changes to the drug-offense guideline. (Doc. 147 at 2, 4, 6.) He also requests appointment of counsel and permission to proceed in forma pauperis. (*Id.* at 1, 6.) The Court denies the Motion for the following reasons.

Under 18 U.S.C. § 3582(c)(2), the Court may reduce a term of imprisonment when the defendant's applicable sentencing range has subsequently been lowered by the Sentencing Commission and a reduction would be consistent with the Commission's applicable policy statement. Such a policy statement permits a reduction only when an amendment listed in Section 1B1.10(d) of the USSG applies to the defendant and lowers the defendant's applicable guideline range. USSG § 1B1.10(a)(1)–(2). A proceeding

under § 3582(c)(2) is not a full resentencing. USSG § 1B1.10(a)(3).

Defendant renews his request for the two-level reduction available to certain defendants with zero criminal history points under USSG § 4C1.1, which Amendment 821 added to the Guidelines. (Doc. 147 at 1–3.) The Court previously addressed Defendant's eligibility for relief under Amendment 821 and denied his earlier motion because the Amendment had already been considered in determining his sentence. (Doc. 129.)

As explained in the prior order, Amendment 821 took effect on November 1, 2023, and Defendant was sentenced on April 24, 2025. (Doc. 129.) The Court considered the Amendment's changes at sentencing. (Doc. 84 at 6.) Defendant's current Motion does not identify a subsequent lowering of his applicable guideline range under Amendment 821 or establish a basis to depart from the Court's prior determination. Because Defendant has already received the benefit of the Amendment, it does not authorize a further reduction under § 3582(c)(2). *See* USSG § 1B1.10(a)(2)(B).

Defendant additionally invokes Amendment 831, which became effective November 1, 2024, and made technical, stylistic, and other non-substantive changes to the Guidelines. He also requests the benefit of changes made to USSG §§ 2D1.1(a)(5) and 2D1.1(e)(2)(B) in November 2025. (Doc. 147 at 4–6.) The Court will liberally construe Defendant's requests regarding those changes as seeking relief under Amendment 833, which revised the drug guideline's mitigating-role provisions and added special instructions concerning defendants whose primary function involved low-level drug trafficking. Neither Amendment 831 nor Amendment 833 is listed in USSG § 1B1.10(d). As such, neither Amendment provides a basis for a sentence reduction under § 3582(c)(2).

Defendant also seeks relief based on sentencing disparities, rehabilitation, and other personal circumstances. *See* 18 U.S.C. § 3553(a). (Doc. 147 at 4–5.) Those considerations do not independently authorize a reduction under § 3582(c)(2). Because no covered amendment lowers Defendant's applicable guideline range, the Court need not reach the § 3553(a) factors. *See* USSG § 1B1.10(a)(2); § 3582(c)(2). Finally, the Court denies Defendant's request for appointment of counsel and denies his request to proceed in forma

pauperis. Accordingly,

**IT IS ORDERED** Defendant's Motion (Doc. 147) is **DENIED**.

Dated this 6th day of November, 2026.

Honorable Scott H. Rash
United States District Judge